UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLARENCE TERRY,

    Plaintiff,

v.                                                Case No. 3:22cv9357-LC-HTC

LIEUTENANT R. DAY,
SERGEANT JIMMO D.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Clarence Terry, a prisoner proceeding *pro se*, initiated this civil rights action by filing a complaint seeking to bring claims under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee and has not shown he is in imminent danger of serious physical injury.

Plaintiff, an inmate at the Blackwater River Correctional Facility, brings this suit against two correctional officers at Okaloosa Correctional Institution

("Okaloosa CI"), Sergeant Jimmo D. and Lieutenant R. Day, for allegedly violating certain Florida Administrative rules when they impounded and inventoried his legal materials, resulting in a motion for post-conviction relief being denied because Plaintiff "could not file a merit fulfill claim." ECF Doc. 1 at 6. Because Plaintiff is a prisoner seeking relief against government employees, his claims are governed by the Prison Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA").

Under the PLRA, a prisoner who has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or malicious may not proceed *in forma pauperis*, absent a showing of imminent danger. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay

the filing fee at the time he initiates the suit").[1] The only exception is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

As shown in the litigation history section of Plaintiff's complaint, Plaintiff is no stranger to the Court. Plaintiff identifies several cases he has filed, including the following three cases, all of which bear Plaintiff's name and inmate number, that were dismissed as malicious or for failure to state a claim:

- *Terry v. Jimmo et. al.*, Case No. 3:21-cv-01054 (N.D. Fla.) (dismissed as malicious pursuant to 28 U.S.C. § 1915A(b)(1) for failure to disclose litigation history);

- *Terry v. Terrell, et al.*, Case No. 1:16-cv-20103 (S.D. Fla.) (a § 1983 action dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim on which relief can be granted);

- *Terry v. Dorsainvil, et al.*, Case No. 9:16-cv-80167 (S.D. Fla.) (a § 1983 action dismissed as to some defendants for failure to exhaust administrative remedies and as to the other defendants for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)).

---

[1] Also, this Court's Local Rules require the filing fee (or motion to proceed *in forma pauperis*) be filed "simultaneously" with the complaint. N.D. Fla. Loc. R. 5.3.

Case No. 3:22cv9357-LC-HTC

Thus, Plaintiff has filed at least three cases while he was a prisoner which were dismissed for a reason which counts as a strike. The only way he can proceed in this case without paying the full filing fee is to show he is under imminent danger of serious physical injury.

As stated above, however, the claims in Plaintiff's complaint deal with how the Defendants handled his legal work. Clearly, Plaintiff does not meet the imminent danger exception. Thus, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g) and this action should be dismissed. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and is not under imminent danger of serious injury.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 15th day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv9357-LC-HTC